IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TOPASHAW FARMS PROCESSING LLC,** **PLAINTIFF**
*trading as* **TOPASHAW FARMS PACKING MS**

v.  No. 3:25-cv-00168-MPM-RP

**CUSTOM CAROLINA FARM EQUIPMENT LLC, and** **DEFENDANTS**
**JONATHAN S. BARBEE**

## ORDER

This matter comes before the Court on Plaintiff Topashaw Farms Processing LLC's ("Topashaw Farms") Motion to Strike the Declaration of Lance Murray [29], contained within Defendants Custom Carolina Farm Equipment LLC's and Jonathan S. Barbee's ("Custom Carolina") Reply [26]. The Court, having reviewed the record and having carefully considered the applicable law, is now prepared to rule.

This case stems from the near-immediate malfunction of two Vine Snapper machines manufactured and sold by Custom Carolina to Topashaw Farms for use in harvesting sweet potatoes. Topashaw Farms filed suit against Custom Carolina for breach of contract, breach of warranties, and negligence related to this incident. Custom Carolina then filed a Motion to Dismiss for Improper Venue [19]. Topashaw Farms responded in opposition to the motion, which included a Declaration from Joe Edmonson ("Edmonson"), the managing member of Topashaw Farms, to support their opposition [27]. Custom Carolina's reply rebutting Topashaw Farm's opposition contained a Declaration from Lance Murray ("Murray") the Vice President and Treasurer of Custom Carolina.

Topashaw Farms subsequently filed a motion to strike Murray's Declaration. Topashaw Farms claims the Murray Declaration should be stricken from the record because it was improperly

1

and untimely submitted in Custom Carolina's reply brief, as the Murray Declaration allegedly makes new factual claims, assertions, and arguments submitted for the first time on rebuttal. Topashaw Farms argues that the Murray Declaration should have been filed in Custom Carolina's motion to dismiss, and as a result Topashaw Farms does not have the opportunity to review, address, or refute the assertions raised in the Murray Declaration.

"Generally, neither this court nor the district courts of this circuit will 'review arguments raised for the first time in [a] reply brief.'" *RedHawk Holdings Corp. v. Schreiber*, 836 F. App'x 232, 235 (5th Cir. 2020) (citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1437 (5th Cir. 1989). "On occasion, however, a district court may consider arguments and evidence raised for the first time in a reply brief without abusing its discretion 'so long as it gives the non-movant an adequate opportunity to respond prior to a ruling.'" *Id.* (quoting *Thompson v. Dall. City Attorney's Office*, 913 F.3d 464, 471 (5th Cir. 2019). "And while there is no right to file a surreply and surreplies are 'heavily disfavored,' a district court abuses its discretion when it denies a party the opportunity to file a surreply in response to a reply brief that raised new arguments and then relies solely on those new arguments it its decision." *Id.*

Topashaw Farms argues the Murray Declaration and Custom Carolina's accompanying reply raise new assertions and facts for the first time. Outside of the Murray Declaration's inclusion, Topashaw Farms fails to point out any specific assertions in the reply that it claims were wrongly raised for the first time. Instead, Topashaw Farms frames the Murray Declaration's inclusion as an attempt to strategically withhold information until the reply to prevent the nonmovant from adequately responding. Topashaw Farms is merely attacking the form of the reply rather than its substance.

The Court will not sift through Custom Carolina's reply to determine what is newly raised and what is merely clarifying information if any. The Court will afford Topashaw Farms the opportunity to file a sur-rebuttal brief addressing Custom Carolina's reply and the Murray Declaration, to give an informed ruling on the matter of improper venue.

**ACCORDINGLY**, Topashaw Farms' Motion to Strike [29] the Murray Declaration is **DENIED**. Topashaw Farms is granted seven days to file a sur-rebuttal to Custom Carolina's Reply [26].

**SO ORDERED** this 19th day of August, 2025.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI